**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK DALTON SIMPSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-08-CV-499-XR |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent.* | § | |

**ORDER**

On this date, the Court considered the Magistrate Judge's Report and Recommendation (Docket Entry No. 27), and Petitioner's objections thereto (Docket Entry No. 32), concerning Petitioner's application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation and DENIES Petitioner's application for a writ of habeas corpus.

**Background and Procedural History**

Petitioner Mark Dalton Simpson was found guilty of aggravated sexual assault of a child and indecency with a child by a jury on May 19, 2005.[1]  However, judgment was entered against him only on the offense of aggravated sexual assault of a child.[2]  On July 1, 2005, Petitioner was

---

[1] Clerk's Record at 78, *State v. Simpson*, No. 2003-CR-7631 (175th Dist. Ct., Bexar County, Tex. July 1, 2005).

[2] *Id.* at 92.

sentenced to fifteen years imprisonment in the custody of the Texas Department of Criminal Justice.[3]

Petitioner filed a direct appeal to the Fourth Court of Appeals of Texas on August 1, 2006.[4] His point of error on appeal was that the evidence was legally and factually insufficient to sustain the jury's verdict.[5] The Fourth Court of Appeals affirmed Simpson's conviction in an unpublished memorandum opinion on December 13, 2006.[6] Simpson then filed a Petition for Discretionary Review on or about February 9, 2007, which the Texas Court of Criminal Appeals refused on April 25, 2007.[7]

On July 3, 2007, Petitioner filed a state application for writ of habeas corpus that challenged his conviction on the following grounds: ineffective assistance of counsel; the conviction violated the Double Jeopardy Clause; the conviction resulted in a violation of Petitioner's due process rights; and Petitioner's sentence was illegal.[8] The state court denied the application without a written order on December 12, 2007.[9]

On June 23, 2008, Petitioner initiated proceedings in this Court, filing his initial Petition for

---

[3] *Id.*

[4] Appellant's Br. at cover, *Acevedo v. State*, No. 04-05-00575-CR, 2006 WL 3611379 (Tex. App.—San Antonio, Dec. 13, 2006, pet. ref'd) (mem. op., not designated for publication). Petitioner also goes by the name of Mark Dalton Acevedo.

[5] *Id.* at 2.

[6] *Acevedo*, 2006 WL 3611379 at *1.

[7] Pet. for Discretionary Review at 8, *Acevedo v. State*, No. PD-0062-07 (Tex. Crim. App. April 25, 2007).

[8] Application No. WR-64,964-03 at 6–9, *Ex Parte Simpson*, No. 2003-CR-7631-W2 (175th Dist. Ct., Bexar County, Tex. Dec. 12, 2007).

[9] *Id.* at cover.

Writ of Habeas Corpus and Memorandum in Support under 28 U.S.C. § 2254.[10]  On October 2, 2008, Simpson filed his first Amended Petition with Memorandum in Support.[11] Simpson, *pro se*, has raised the following arguments in support of relief: ineffective assistance of trial counsel in violation of the Sixth Amendment, ineffective assistance of appellate counsel in violation of the Sixth Amendment, violation of the Fifth Amendment prohibition on double jeopardy, prosecutorial misconduct, improper jury instructions, actual innocence, and legally and factually insufficient evidence in support of the jury's verdict. On December 29, Respondent filed his Answer and brief in support.[12] On March 2, 2009, Simpson replied to Respondent's Answer.[13] The Magistrate Judge issued a Report and Recommendation on July 10, 2009, and Petitioner objected thereto on August 20, 2009.[14]

## Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended that Simpson's petition for writ of habeas corpus be denied.

Petitioner alleged ineffective assistance of trial counsel for failing to file requested motions,

---

[10] Pet. for Writ of Habeas Corpus, June 23, 2008 (Docket Entry No. 3); Mem. in Support of Pet. for Writ of Habeas Corpus, June 23, 2008 (Docket Entry No. 4).

[11] Am. Pet. to 28 U.S.C. § 2254 Habeas Corpus Pet. and Mem. of Law, Oct. 2, 2008 (Docket Entry No. 15).

[12] Resp't's Answer with Br. in Supp., Dec. 29, 2008 (Docket Entry No. 23).

[13] Pet'r's Reply to Resp't's Answers to Pet. 28 U.S.C. § 2254 Mem. and Am. Pet., Mar. 2, 2009 (Docket Entry No. 26).

[14] Report and Recommendation,  July 10, 2009 (Docket Entry No. 27); Pet'r's Objection to United States Magistrate Judge's Report and Recommendation, Aug. 20, 2009 (Docket Entry No. 32).

object to the jury's finding of guilt on both the aggravated offense and the lesser included charge, investigate an eyewitness, object to the prosecutor's leading questions, have DNA retested, object and move for a mistrial following the prosecutor's violation of a motion *in limine*, address issues in the post-conviction affidavit, allow witnesses to testify in the post-conviction affidavit, allow a witness to testify as an expert, obtain expert witnesses, and prepare adequately for trial.

The Magistrate Judge applied the two-pronged test set out by the Supreme Court in *Strickland v. Washington*, which requires convicted defendants to show (1) that counsel's performance was deficient and (2) that counsel's errors were so serious that they deprived the defendant of a fair trial in order to demonstrate a Sixth Amendment violation.[15]

With regard to Petitioner's claim that counsel failed to file requested motions, the Magistrate Judge found that this failure did not constitute deficient performance and that Petitioner did not show that the failure deprived him of a fair trial. Simpson alleges that he was subject to double jeopardy when the jury found him guilty of both the aggravated offense and the lesser included offense; thus his counsel should have objected to the jury's findings.[16] The Magistrate Judge found that Simpson did not show a double jeopardy violation; thus, counsel could not be considered deficient for failing to raise an objection to the nonexistent violation.[17] The Magistrate Judge also found that Petitioner failed to show that counsel was ineffective in not interviewing and calling a witness, per the standard

---

[15] Report and Recommendation at 10 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[16] Pet'r's Reply at 9–10.

[17] Report and Recommendation at 18 (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (citing *Gomez v. McCaskle*, 734 F.2d 1107, 1109–10 (5th Cir. 1984), *cert. denied*, 409 U.S. 1041 (1984))).

set out in *Gomez v. McCaskle*.[18]

Petitioner also alleged that trial counsel was ineffective in that it failed to obtain expert witnesses to testify on Simpson's behalf. The Magistrate Judge found that Petitioner had not exhausted his remedies for this claim at the state court level and that he was barred from bringing this claim in federal court.[19] Though Petitioner had presented the claim of failure to obtain witnesses at the state level, he did not present the specific claims of failure to call a child psychologist, a DNA expert, and a medical doctor. The Magistrate Judge also found that the remaining allegations of ineffective assistance of trial counsel were either conclusory or did not result in deprivation of Petitioner's right to a fair trial.

Petitioner claims ineffective assistance of appellate counsel in that counsel did not timely file a brief with the Fourth Court of Appeals. Given that a brief was ultimately filed, and that the Fourth Court of Appeals considered the brief on its merits, the Magistrate Judge found that Petitioner failed to show that the delay caused him prejudice or deprived him of a fair appellate review.

Petitioner alleged that his Fifth Amendment right against double jeopardy was violated because a thirty-year old conviction was used for enhancement purposes and a twelve-year old conviction was presented to the jury. The Magistrate Judge found that the use of prior convictions for enhancement purposes do not constitute violations of the Double Jeopardy Clause. Furthermore, the Magistrate Judge found that the twelve-year old conviction was never actually presented to the jury, as Simpson's counsel objected to it, and that no double jeopardy violation occurred. Petitioner also alleges that a double jeopardy violation occurred when the jury found him guilty of both the

---

[18] *Id.*

[19] *Id.* at 28.

greater and lesser included offenses.  However, the Magistrate Judge found that judgment was entered against Simpson only on the greater offense; therefore,  no double jeopardy violation had occurred.

Petitioner claims that the prosecutor engaged in misconduct by withholding material exculpatory evidence and impeachment evidence, violating the motion *in limine*, and misleading the jury. The Magistrate Judge first noted that Petitioner had not exhausted his state court remedies for these claims, and as such, the federal court had no power to review them. Regardless, she reviewed them on their merits because Respondent had not brought up exhaustion in his answer.[20] She found that the allegations of withholding the evidence and misleading the jury were conclusory, and the prosecutor's violation of the motion *in limine* was not so egregious as to render the trial fundamentally unfair.

Petitioner claims that the trial court erred by submitting the offense of indecency with a child as an alternative instead of a lesser included offense in the jury instructions. The Magistrate Judge reviewed the state record and found that the offense of indecency with a child was submitted to the jury as a lesser included offense, and thus that the trial court did not err.[21]

Petitioner also claims that he is actually innocent of the offense. The Magistrate Judge found that this claim was not included in Simpson's state habeas appeal and that his remedies at the state level have not been exhausted.[22] Furthermore, the Magistrate Judge found that actual innocence is not a proper basis for federal habeas relief.

---

[20] *Id.* at 34.

[21] *Id.* at 40.

[22] *Id.* at 41.

Simpson also alleged that the evidence was legally and factually insufficient to sustain his conviction. The Magistrate Judge examined the state court records and found that the evidence was legally sufficient.[23] Furthermore, she found that the claim of factual insufficiency is not a basis for federal habeas corpus relief.[24]

**Petitioner's Objections**

Petitioner has provided a series of objections to the Magistrate Judge's Report and Recommendation.  This section outlines all of Simpson's objections and categorizes them.

## A. Initial Objections

Petitioner first objects to the Magistrate Judge's denial of his motion for appointment of counsel.[25]  He then objects to her characterization of the Statement of the Case, in that she described him as being in "lawful custody" of Respondent and that she described Simpson's appellate counsel's points of error as his own.[26]  Petitioner, citing *United States ex rel. Jennings v. Ragen*, also objects to the Magistrate Judge's standard of review, saying that the state court findings were not entitled to a presumption of correctness as he was never afforded an evidentiary hearing.[27]

---

[23] *Id.* at 43.

[24] *Id.*

[25] Pet'r's Objection at 2.

[26] Petitioner also objects to the Respondent's arguments as reiterated by the Magistrate Judge in introducing the issues. There is no basis for these objections, as they have already been made in Simpson's reply to Respondent's answer, and addressed by the Magistrate Judge substantively in the body of the Report and Recommendation. The Court will review such objections only as objections to the Magistrate Judge's findings on the issues brought up in the arguments.

[27] Pet'r's Objection at 6 (citing *United States ex rel. Jennings v. Ragen*, 358 U.S. 276, 277 (1959)).

**Ineffective Assistance of Trial Counsel**

Petitioner objects to the Magistrate Judge's findings on his claims of ineffective assistance of counsel.[28] He claims that trial counsel's failure to file his requested motions denied him the Fourteenth Amendment right to participate meaningfully at trial. He also claims that counsel failed to keep him reasonably informed about his case, falling below the standard of reasonably effective assistance.

Petitioner objects specifically to the Magistrate Judge's findings that his claims on the ground that counsel failed to file requested motion ought to be denied because Simpson could show no harm. Simpson claims that he was harmed when counsel did not move for a speedy trial, as it allowed the state to "build up or find more evidence against [Simpson]." Petitioner also alleged that counsel was ineffective when he did not move to quash the indictment containing multiple counts of the offenses and objects to the Magistrate Judge's finding that this claim ought to be dismissed.

Petitioner also objects to the Magistrate Judge's finding that counsel was not at fault in failing to object to the jury's findings of guilt on both the aggravated offense and the lesser included offense. He claims that he was subject to double jeopardy when the jury found him guilty of both, that he is being punished for both offenses, and that counsel's failure to object to the verdict fell below the standard of reasonably effective assistance.

Petitioner also objected to the Magistrate Judge's finding that Petitioner had failed to show harm as a result of counsel's failure to investigate an eyewitness. He asserts that eyewitness Charlotte Masterson could have testified that she saw Simpson and the victim watching a movie and

---

[28] The summary of Simpson's objections on this ground are taken from Petitioner's Objection pages 6–20.

that Simpson was not being indecent with the child. Petitioner claims that having this witness testify for him would have "made an affect on the jury's decisions" and ostensibly have altered the result at trial. Thus, counsel's failure to investigate and bring Charlotte Masterson to the witness stand constituted ineffective assistance and deprived Petitioner of a fair trial.

Petitioner objects to the Magistrate Judge's finding that he did not demonstrate that counsel's failure to object to leading questions has harmful. Simpson contends that had counsel objected, the objection would have been preserved as an error that could be raised on direct appeal, and that Simpson has been harmed by not having this error preserved.

Petitioner objects to the Magistrate Judge's finding that counsel's failure to retest the DNA was not harmful to him. Petitioner claims that the prosecutor's analysis of the DNA "no doubt cause[d] harm and affect[ed] the jury's decision . . ." Petitioner claims that the prosecutor's analysis of the DNA proved nothing and that it was presented in a confusing manner.

Petitioner objects to the Magistrate Judge's finding that Petitioner's counsel objected to the prosecutor's violation of the motion *in limine*. Petitioner claims that the prosecutor violated the motion "at the very beginning of the trial" and presented evidence of his prior conviction to the jury. Simpson claims that he is unable to find a record of this because he was unable to obtain a transcript of the trial. He asserts that his trial counsel never objected to this violation, thus falling below the standard of reasonably effective assistance and depriving him of a fair trial.

Petitioner objects to the Magistrate Judge's finding that Petitioner's claim of counsel's failure to address issues in the post-conviction affidavit was conclusory. Petitioner specifically points to counsel's failure to address the issue of failure to object to the motion *in limine* violation in the post-conviction affidavit. On this ground, Petitioner again alleges ineffective assistance of counsel.

Petitioner objects to the Magistrate Judge's finding that he suffered no harm from counsel's failure to allow a witness to testify as an expert. Petitioner asserts that witness Richard Longfellow has a college degree and had the capacity to testify on the effects of Petitioner's post-traumatic stress disorder ("PTSD"). Petitioner claims that the failure to call Mr. Longfellow to testify as an expert constitutes ineffective assistance of counsel.

Petitioner objects to the Magistrate Judge's finding that he had not exhausted his state court remedies on the claim of failure to obtain expert witnesses. Petitioner asserts that he presented this claim fairly to the Texas Court of Criminal Appeals. Petitioner also objects to the Magistrate Judge's finding that his claim of trial counsel's failure to prepare was conclusory. Petitioner alleges that counsel did not keep him adequately informed and that counsel's strategy at trial was inadequate.

## C. Ineffective Assistance of Appellate Counsel

Petitioner also objects to the Magistrate Judge's finding that he was not harmed by the delay caused by appellate counsel in filing a brief to the Fourth Court of Appeals. Petitioner asserts that appellate counsel did not raise the issues raised by Petitioner and that his counsel failed to notice that a Mandate issued by the Fourth Court of Appeals was invalid.[29]

## D. Double Jeopardy

Petitioner objects to the Magistrate Judge's finding that no double jeopardy violation occurred. He states that a double jeopardy violation occurred when the prosecution presented to the jury evidence of a twelve-year old conviction in violation of the motion *in limine*, ostensibly the same violation "at the very beginning of trial" that Petitioner is unable to find in the trial record.[30]

---

[29] *Id.* at 25–26.

[30] *Id.* at 28.

Petitioner does not state reasons for why the Magistrate Judge is incorrect in finding no double jeopardy violation for the use of the thirty-year old conviction for enhancement purposes or for the jury's finding of guilty on both the greater and lesser charged offense, though Petitioner objects to both those findings.

## E. Prosecutorial Misconduct

Petitioner objects to the Magistrate Judge's finding that no prosecutorial misconduct occurred.[31]  Specifically, he objects to the Magistrate Judge's finding that the prosecution did not withhold material exculpatory and impeachment evidence.  He claims that the prosecution denied him opportunity for discovery and withheld evidence that would have undermined the credibility of their witnesses. Simpson also objects to the Magistrate Judge's finding that the prosecutor's violation of the motion *in limine* did not constitute misconduct; Simpson alleges that the violation "cause[d] egregious harm . . . amount[ing] to a constitutional violation." Petitioner further objects to the Magistrate Judge's finding that his claims of the prosecution misleading the jury were conclusory. He alleges that the prosecution's presenting the knife to the jury, asking leading questions, and exhibiting inconclusive results of DNA testing, among other actions alleged by Petitioner, rendered the trial fundamentally unfair.

## F. The Trial Court Erred

Petitioner objects to the Magistrate Judge's finding that the trial court did not err in submitting improper instructions to the jury. He argues that the jury instructions were applied unconstitutionally, even if they were not unconstitutional on their face.[32]

---

[31] The summary of these objections is taken from Petitioner's Objection pages 29–32.

[32] *Id.* at 33.

## G. Sufficiency of the Evidence

Petitioner objects to the Magistrate Judge's finding that the evidence was legally sufficient to sustain his conviction. He asserts that the sexual assault test revealed no physical damage to the victim, and thus that the jury could not have found that penetration occurred. He claims that the evidence presented at trial could not have supported his conviction, and that the jury verdict was the result of cumulative errors during the trial that "tainted the proceedings."[33]

## H. Actual Innocence

Petitioner objects to the Magistrate Judge's finding that actual innocence is not a ground on which federal habeas corpus relief can be granted. Petitioner cites *Schlup v. Delo*, claiming that actual innocence does provide a ground for federal habeas relief when new evidence has been presented.[34] Petitioner claims that new evidence has been presented in the course of delineating his objections to the Magistrate Judge's Report and Recommendation.[35]

**Standard of Review**

In reviewing the Magistrate Judge's report and recommendation, the Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[36] Such a review means that the Court will examine the entire record with regard to that portion and will make an independent assessment of the law. As to the portions of the report that are

---

[33] *Id.* at 34.

[34] *Id.* at 36 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

[35] *Id.* at 36.

[36] 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[37]

## Analysis

### A. Initial Objections

Petitioner objects to the Magistrate Judge's denial of his motion to appoint counsel on the ground that the Magistrate Judge pointed to his ability to enlist the aid of writ-writers in drafting his complaints and legal documents. Petitioner states that he cannot fully enlist the aid of the writ-writers in that he will risk bodily injury if he explains to them the basis of his conviction. The Court notes that this is a new issue that Petitioner did not bring up in his initial memorandum or reply, and as such, cannot be raised in the objections. However, the Court finds that the issues in this case are not complex, and that Petitioner's briefs and memoranda adequately highlight the issues and pertinent facts in the record. Thus, even on the merits,  "the interests of justice" do not require the appointment of counsel for Simpson.[38] Petitioner also objects to the Magistrate Judge's characterization of him being in "lawful custody" of Respondent.  Petitioner asserts that the custody is not lawful. Again, this is a new issue; however, even assessed on the merits, Simpson is being held in lawful custody in that he is imprisoned under color of law following a jury trial in which he was found guilty. Finally, Petitioner objects to the Magistrate Judge's characterization of his appellate counsel's points of error on appeal as Simpson's own. There is no basis for this objection; if Petitioner objects to the points of error raised by his appellate counsel, we review that objection

---

[37] *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

[38] *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985)

under the claim of ineffective assistance of counsel.

Petitioner also argues that the Magistrate Judge applied the wrong standard of review in giving a presumption of correctness to the factual findings of the state court. The Supreme Court has held that an exception to this presumption exists when the factual findings are "not fairly supported by the record."[39] However, to establish this exception, petitioner must rebut the presumption of correctness by clear and convincing evidence.[40] Simpson has not offered any evidence here that the factual findings are not clearly supported by the record, only that he was not afforded a hearing at the state level for his habeas petition. The lack of a hearing for a petition for a writ of habeas in state court does not show that the state court's factual findings are not fairly supported by the record. Therefore, the Court affirms the standard of review used by the Magistrate Judge.

## B. Ineffective Assistance of Trial Counsel

### (1) Legal Standard

In bringing a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.[41] In showing the first prong, defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance on this prong must be highly deferential and recognize that "strategic choices . . . are virtually unchallengeable."[42] On the second prong, the defendant must

---

[39] *Marshall v. Lonberger*, 459 U.S. 422, 423 (1983).

[40] 28 U.S.C. § 2254(e)(1).

[41] *Strickland*, 466 U.S. at 687.

[42] *Id.* at 689, 691.

show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[43] In showing this, the defendant need not prove that counsel's deficient performance more likely than not changed the outcome in the case, but only a probability that undermines confidence in the outcome of the case.[44]

*(2) New Claims*

Petitioner first asserts that he was denied his right to participate meaningfully in his trial because his counsel did not ensure Simpson's understanding of the proceedings in a jury trial or allow Simpson to "make his own decisions" concerning certain aspects of the trial. The Court first notes that this is a new issue, and as such, ought not be raised in the Objection. Nevertheless, the Court will briefly review the claim on its merits. Petitioner does not point to any part of the jury trial proceedings that he did not understand because of his counsel's failure to inform him. Indeed, Simpson demonstrates in his briefs and memoranda that he does have a basic grasp of the proceedings in a jury trial. In addition, Petitioner does not even allege that this failure to inform resulted in prejudice at trial. As such, this claim is not meritorious. Furthermore, counsel is not required to do everything a defendant asks in order to afford the defendant the opportunity to meaningfully participate at trial. Counsel's decision not to call DNA or medical experts or file the motions requested by Simpson are strategic choices.[45] Such choices are "virtually unchallengeable" and Petitioner has not presented any evidence challenging them, other than alleging that they prevented him from meaningfully participating in his trial. This allegation is conclusory, and

---

[43] *Id.* at 694.

[44] *Id.* at 693, 694.

[45] Harris Aff., Application No. WR-64,964-03 at 77.

15

Petitioner has not met his burden of demonstrating that counsel's conduct in this regard was prejudicial.

*(3) Failure to File Motions*

Petitioner next asserts that his claim of ineffective assistance of counsel for failing to file motions should not be dismissed. Petitioner alleges that he suffered harm when his counsel failed to move for a speedy trial in that the delay allowed the state to accumulate evidence against Simpson and prolonged Simpson's stress and anxiety. Petitioner does not point to any specific evidence that the State collected during the delay that adversely affected him at trial, so the Court is unable to find that the result in the proceeding might have been different if not for the delay. Nor does Petitioner allege that the result in the proceeding would have been different had it not been for the additional stress and anxiety he suffered as a result of the delay. Though Simpson may have suffered personal emotional harm as a result of counsel's failure to file motions, the harm that must be shown to prove ineffective assistance of counsel is prejudice, *i.e.*, harm that has a reasonable probability of altering the result of the proceeding. Petitioner has not shown such harm, so his claim on this ground is dismissed.

Petitioner also alleges that he suffered harm when counsel did not move to quash the indictment containing six counts against Simpson. Petitioner alleges that the indictment "place[d] more guilt on Petitioner in a jury decision . . . ."[46] Petitioner also points to an error in the repeater count, which he alleges counsel did not notice or point out. Again, Petitioner is unable to show that the quashing the indictment would have resulted in a different outcome. Petitioner is unable even to show that the motion to quash would have been granted. Furthermore, the fact that Simpson was

---

[46] Pet'r's Objection at 10.

16

ultimately convicted of and punished for only one offense leads the Court to believe that the failure to quash the motion did not result in harm to him. Finally, the Court notes that the decision not to move to quash the indictment was a strategic choice by counsel. Thus, the Court affirms the Magistrate Judge's findings on this ground; Petitioner's claim is dismissed.

*(4) Failure to Object to Jury Findings*

Petitioner alleges that the jury's findings of guilt on both the aggravated and lesser included offense subjected him to double jeopardy, and that counsel's conduct was deficient when he did not object to the findings. Petitioner neglects to mention that though the jury found him guilty of both offenses, judgment was entered against him only on one of them.[47] His punishment was assessed only on the single count of aggravated sexual assault of a child.[48] Thus, Simpson is neither being convicted nor punished multiple times for the same offense. No double jeopardy violation has occurred. As such, counsel cannot be found deficient for failing to raise an objection on a nonexistent violation. The Court affirms the Magistrate Judge's finding on the claim of failure to object to jury findings; Petitioner has not demonstrated that prejudice occurred because of his counsel's conduct.[49]

*(5) Failure to Investigate an Eyewitness*

Petitioner claims that counsel was deficient in failing to investigate the testimony of Charlotte

---

[47] Clerk's R. at 92, Oct. 31, 2005,  No. 2003CR7631, *State v. Simpson*.

[48] *Id.*

[49] Petitioner also objects to the state court's decision on his habeas petition in this section of the Objection on the ground that the judge presiding over his state habeas claim was not the same judge that presided over the trial that resulted in his conviction. This is a new claim, and Petitioner has no ground for stating this objection at this time.

17

Masterson, an eyewitness who was in the room at the time that Simpson allegedly committed the assault. Petitioner asserts that Ms. Masterson would have testified that she saw Simpson and the alleged victim merely watching a movie, and that Simpson "was not being indecent with [the] child."[50] According to Simpson, trial counsel should have found and questioned Ms. Masterson about what occurred that night in order to constitute "reasonably effective assistance."

As noted by the Magistrate Judge, the Fifth Circuit has set out a standard for evaluating the deficiency of counsel in failing to call a witness. To show deficiency, the defendant must show that the witness's testimony would have been favorable and that the witness would have been able to testify at trial.[51] Petitioner offers nothing but speculation that Ms. Masterson's testimony would have been favorable to him at trial. As the Magistrate Judge notes, claims of deficient conduct based on failure to investigate an witness, when the only evidence of a missing witness's testimony is from the defendant, are treated "with great caution."[52] Based on the speculative information offered by Petitioner, we are unable to find that his counsel was deficient in failing to investigate the testimony of Ms. Masterson, as there is no concrete evidence that Ms. Masterson would have actually testified in Simpson's favor. Furthermore, Petitioner has not demonstrated that calling Ms. Masterson as an eyewitness would have altered the outcome of the proceeding. Petitioner asserts that her testimony would have "made an affect on the jury's decisions", but this is a conclusory statement. The Court affirms the Magistrate Judge's finding that Petitioner has not met his burden of demonstrating that

---

[50] Pet'r's Objection at 15.

[51] *McCotter*, 775 F.2d at 602.

[52] *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. denied*, 104 U.S. 1251 (1984).

counsel was deficient or created prejudice to Petitioner by failing to investigate an eyewitness.

*(6) Failure to Object to Leading Questions*

Petitioner claims that if his counsel had objected to the leading questions being asked of the child victim by the prosecutor, then the point would have been preserved and could have been raised on appeal. First, the Court notes that counsel's decision not to object to the leading questions was a result of counsel's decades of experience in criminal trials and an informed strategic choice on the part of counsel.[53] Counsel's strategic choices must be given great deference, according to the standard set out by the Supreme Court in *Strickland*. In addition, Simpson does not present any evidence that the failure to object led to the result of the proceeding or that an objection would have altered that result. Simpson asserts that he would have had one more point of error to raise on appeal, but he asserts nothing to support the implied conclusion that this would have helped him attain a favorable result on appeal. Having reviewed the state appellate record, this Court concludes that a different result based on this point would have been unlikely. As such, the Court affirms the Magistrate Judge's finding that Petitioner has not shown either deficient performance or prejudice resulting from counsel's failure to object to leading questions.

*(7) Failure to have DNA Properly Tested*

Petitioner claims that counsel was deficient in failing to have the DNA taken from a cut of Simpson's boxer shorts re-tested. He asserts that the testimony offered by the DNA witness at trial was confusing (though he also asserts that the witness "cleared it up") and inconclusive.[54] He claims that his counsel should have had the DNA retested to prove that the victim was not the donor of the

---

[53] Harris Aff., Application No. WR-64,964-03 at 78.

[54] Pet'r's Objection at 17–18.

DNA on Simpson's boxer shorts.[55]  However, Petitioner asserts nothing to support his conclusion that a retesting of the DNA would have resulted in a different reading. Furthermore, Simpson's counsel stated in his affidavit that he thought cross-examining the DNA expert witness was a better strategy than having the DNA retested.[56] The Court finds that Petitioner has neither shown that counsel was deficient nor that counsel's conduct resulted in prejudice to Petitioner. As such, the Magistrate Judge's findings on this ground are affirmed; Petitioner's claim is without merit.

*(8) Failure to Object to the Motion* in Limine

Petitioner alleges that a violation of the motion *in limine* occurred during trial when the prosecution presented to the jury a twelve-year old conviction of assault with bodily injury. He contends that his counsel's failure to object to this violation constitutes deficient performance. As noted by the Magistrate Judge, the only possible violation of the motion *in limine* occurred during cross-examination of a character witness, when the prosecution asked the witness if she was "familiar" with Simpson's "conviction."[57] Simpson's counsel immediately objected to this question, and the objection was sustained.[58] The jury was never actually presented with any evidence of Simpson's prior offenses. In fact, whether Simpson had been convicted of prior offenses was never confirmed for the jury.

Petitioner states that he is unable to provide a record of the violation because he was never able to obtain a transcript of the trial. This Court has examined the transcript of the trial thoroughly

---

[55] *Id.*

[56] Harris Aff.,  Application No. WR-64,964-03 at 78.

[57] Reporter's R., Vol. 5 at 98, *State v. Simpson*.

[58] *Id.* at 99–100.

20

and has found no hint of any other violation of the motion *in limine* other than the one pointed out by the Magistrate Judge. Simpson's counsel did in fact object to this violation of the motion; this conduct was not deficient.

Petitioner also claims that his counsel should have moved for a mistrial after the violation occurred and that the failure to do so was deficient performance. As the Magistrate Judge notes, the decision to move for a mistrial is a strategic one.[59] As such, counsel's decision not to make such a move is difficult to challenge. Petitioner presents no evidence as to why his counsel's strategic decision was deficient and prejudicial, only that the failure to do so was "harmful." Thus, the Court affirms the Magistrate Judge's finding that Petitioner is unable to show either deficient performance or prejudice resulting from counsel's decision not to move for mistrial.

*(9) Failure to Address Issues in Post-conviction Affidavit*

Petitioner claims that his counsel was deficient in failing to address the claims of ineffective assistance of counsel that Simpson alleged in his habeas claim before the state court. Specifically, Petitioner claims that his counsel never addressed the issue of the violation of the motion *in limine*. As discussed above, the transcript of the trial does not reveal that Simpson's counsel ever failed to object to a violation of the motion *in limine*.  Furthermore, in Simpson's application for habeas before the state court, he mentions the violation of the motion *in limine* only in his claims of the double jeopardy violation and prosecutorial misconduct.[60] The state judge's order to Simpson's counsel required counsel only to address those issues raised by Simpson in regard to the claims of

---

[59] Report and Recommendation at 22 (citing *Ward v. Dretke*, 420 F.3d 479, 491 (5th Cir. 2005), *cert. denied*, 547 U.S. 1040 (2006)).

[60] Application No. WR-64,964-03 at 5–9.

ineffective assistance of counsel. Simpson's claims of ineffective assistance of counsel did not mention failing to object to the violation of the motion *in limine*.[61] Thus, the Court is unable to find that counsel was deficient for failing to address the violation in its affidavit. Petitioner's claim on this ground is dismissed.

*(10) Failure to Call a Witness as an Expert*

Petitioner contends that counsel was deficient in calling defense witness Richard Longfellow as a character witness instead of an expert witness. Petitioner alleges that he was harmed by not having the benefit of Mr. Longfellow testify on Petitioner's PTSD and its effects. However, as the Magistrate Judge noted, it is unlikely that Mr. Longfellow is qualified to testify as a medical expert on the effects of PTSD. Mr. Longfellow does not have a college degree; as he admitted on the stand, he was "six hours short" of obtaining one.[62] Petitioner asserts that he heard Mr. Longfellow state his college degrees, and that if the record states otherwise, than the record has been altered. Petitioner's claim that the record has been altered is conclusory. This Court's review of the record shows that Mr. Longfellow testified as to his education, but not that he obtained college degrees.[63] Simpson presents no evidence that the trial record has been altered, other than that it is inconsistent with his memory of the events. The Court is unable to conclude that the trial record has been altered, or that Mr. Longfellow would have been qualified to testify as an expert. As such, Petitioner's counsel cannot be said to have performed deficiently in failing to call him as an expert witness.

In addition, Petitioner cannot show that he was prejudiced by the lack of Mr. Longfellow's

---

[61] *Id.* at 63.

[62] Reporter's R., Vol. 5 at 131.

[63] *Id.*

testimony on his PTSD. Simpson claims that Mr. Longfellow's testimony would have shown the jury that Simpson is incapable of committing the alleged offense because of his PTSD. This claim is purely conclusory. Simpson presents no evidence of what element of the crime his PTSD would negate. The Court affirms the Magistrate Judge's finding that the lack of Mr. Longfellow's expert testimony would not have had an effect on the outcome of the trial proceeding. Thus, counsel's failure to call him as an expert witness is not prejudicial, and Petitioner's claim on this ground is dismissed.

*(11) Failure to Obtain Experts*

Petitioner objects to the Magistrate Judge's finding that he did not fully exhaust his habeas remedies before the state court on his claim of failure to obtain experts. The Magistrate Judge found that though Petitioner did present at state court his claim of ineffective assistance on the ground of failure to obtain experts, he did not present it with the same specificity that he now presents it in federal court. Petitioner did not specify at the state level that the experts his counsel failed to call were a child psychologist, a DNA expert, and a medical doctor. Petitioner nevertheless claims that his habeas remedies at the state level were exhausted.

The Court agrees with Petitioner and holds that his claim on the ground of failure to obtain experts was exhausted at the state level. A claim is not exhausted if additional material evidentiary support not provided to the state court is presented in federal court.[64] However, evidence that merely supplements the claim originally presented to the state court does not count as evidence that

---

[64] *Lewis v. Quarterman*, 541 F.3d 280, 284 (5th Cir. 2008) (quoting *Dowthitt v. Johnson* 230 F.3d 733, 745 (5th Cir. 2000)).

materially alters the claim.[65] This Court does not find that Simpson's allegation of the claim with greater specificity constitutes a material alteration of the claim. Rather, the specification of the types of witnesses Simpson's counsel failed to obtain is a mere supplementation of the claim originally presented at the state level.

However, the Court agrees with the Magistrate Judge's finding that the failure to obtain expert witnesses is not prejudicial. Simpson does not allege any facts in his objections that would lead to even an inference that these experts could have changed the outcome of the proceeding. Simpson does not even state to what these experts would testify. Thus, the Court finds that the lack of experts was not a factor that could, with reasonable probability, have altered the outcome of the proceeding. Counsel's failure to obtain experts was not prejudicial, and Petitioner's claim on this ground is dismissed.

*(12) Failure to Adequately Prepare*

Petitioner asserts ineffective assistance of counsel in that counsel never informed him of the prosecution's strategy or plan to use expert witnesses and that counsel didn't inform Simpson of his rights in a jury trial. Simpson does not explain how his own lack of knowledge of the prosecution's strategy lead to prejudice at trial. Nor does Simpson point to the exact rights of which he was unaware that caused him prejudice at trial.

Petitioner claims also that counsel failed to adequately prepare because he did not object to the jury's finding of guilt on both counts even though the court gave counsel the opportunity to do so. Simpson further claims that counsel failed to adequately prepare because counsel did not emphasize that the victim never stated that she had been penetrated except after being asked directly,

---

[65] *Id.* at 285 (citing *Dowthitt*, 230 F.3d at 745–46).

or that the victim's mother was high on crack cocaine the day of the alleged offense.

The Court is unable to find that counsel's failure to explain to Petitioner the opposition's strategy altered the result of the proceeding in a way that undermines confidence in the outcome. The Court is unable to find that counsel failed to explain to Simpson his rights in a jury trial at all, since Simpson did not mention what those rights were; this claim is wholly conclusory. Finally, an examination of the trial record shows that the Court never gave Simpson's counsel the opportunity to object to the jury's findings. As was explained above, such an objection was unnecessary, as judgment was entered against Simpson only on the greater offense. The judge made clear at the time that the jury rendered its verdict that the verdict would rely only on the one count of aggravated assault of a child.[66] Thus, an objection to the verdict would have been redundant, and counsel's failure to make it cannot be considered failure to adequately prepare.  Furthermore, counsel's decision not to emphasize the victim's testimony or the mother's drug use was a strategic choice. Petitioner presents no evidence demonstrating that counsel's strategy on this matter was deficient. Thus, the Court finds neither that counsel was deficient in failing to prepare for trial nor that counsel's conduct at trial prejudiced Petitioner.

## C. Ineffective Assistance of Appellate Counsel

Petitioner alleges that appellate counsel was ineffective because it failed to timely file a brief to the Texas Fourth Court of Appeals.[67] The Court first notes that it does not have the power to review this claim as Simpson did not present it during his state habeas proceeding. Nevertheless, as

---

[66] Reporter's R., Vol. 6 at 45.

[67] Petitioner attaches several receipts to his Objection in support of his argument, but this Court is unable to see how these receipts show that appellate counsel was ineffective.

Petitioner objects to the Magistrate Judge's review of the claim on the merits, the Court will discuss it briefly here. As the Magistrate Judge notes, Simpson dismissed the attorney that failed to file the brief, and was appointed a public defender on appeal. Furthermore, despite the failure to timely file a brief, the Fourth Court of Appeals still considered Simpson's appeal on its merits. Thus, the failure to timely file a brief did not in anyway prejudice Simpson.[68] The Court affirms the Magistrate Judge's finding that Petitioner is unable to make the necessary showing to prove ineffective assistance of appellate counsel and this claim is dismissed.

## D. Double Jeopardy

Petitioner alleges that he was subject to double jeopardy when the prosecution presented to the jury evidence of his twelve-year old conviction in violation of the motion *in limine*. Again, Petitioner did not raise this claim during the state habeas proceeding, so it is improper for him to raise it on federal habeas review. However, because the Magistrate Judge discussed his claim on the merits, and because Petitioner objected to that discussion, this Court will also review it on its merits.

As discussed above, evidence of Simpson's prior conviction was never actually presented to the jury. No double jeopardy violation occurred because of the violation of the motion *in limine*. Petitioner also claims that he was subject to double jeopardy when a thirty-year old offense was used in the sentencing stage for enhancement purposes. As the Magistrate Judge notes, "[i]t is well-established that the use of prior convictions for enhancement purposes does not violate the Double

---

[68] Petitioner also mentions an invalid Mandate that he was sent by his appellate counsel. This Court was unable to find such a Mandate in the state record. In any event, Petitioner does not explain how the invalid Mandate prejudiced him on appeal, and thus his claim on this ground is without merit.

Jeopardy Clause."[69] In using a prior offense as an enhancement at the punishment stage, the state is

not subjecting a defendant to punishment twice for the same offense; rather, the state is recognizing

that the defendant is a habitual criminal. "States have a valid interest in deterring and segregating

habitual criminals."[70] The use of the thirty-year old offense enhancement of Simpson's punishment

is clearly not a violation of the prohibition against double jeopardy.

Petitioner finally claims that he was subject to double jeopardy when the jury found him

guilty of both the aggravated offense and the lesser included offense. The jury's findings have been

discussed above, and for the reasons set out above, this Court finds that no double jeopardy violation

occurred. The Court affirms the Magistrate Judge's finding that the Fifth Amendment's prohibition

against double jeopardy was not violated.

## E. Prosecutorial Misconduct

As the Magistrate Judge noted, Petitioner's claims of prosecutorial misconduct were never

presented before the state court during Petitioner's state habeas proceeding and federal review of

them is improper. Nevertheless, this Court will review them on their merits because Petitioner has

objected to the Magistrate Judge's recommendation on them.

### (1) Withholding Material Exculpatory Evidence and Impeachment Evidence

Petitioner alleges that the State withheld from Petitioner exculpatory and impeaching

evidence in violation of the *Brady* due process duty to disclose such evidence.[71] A defendant must

---

[69] Report and Recommendation at 32 (citing *Parke v. Raley*, 506 U.S. 20, 27 (1992) (quoting *Spencer v. Texas*, 385 U.S. 554, 560 (1967))).

[70] *Parke*, 506 U.S. at 27.

[71] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

27

show three things to prove that a *Brady* violation occurred: (1) that the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching, (2) that the evidence was suppressed by the State, either willfully or inadvertently, and (3) that prejudice resulted.[72]

Petitioner alleges that the State withheld from him statements made by the victim's mother and other witnesses, as well as the results of the DNA test.  Simpson does not specify what statements of the witnesses were withheld by the State, so the Court is unable to find that this evidence would have been favorable to him.  Simpson also states that he was informed that the DNA was tested twice and that the victim's DNA  was found on his clothing. Since these were the results of the DNA test, this Court does not find that the State withheld the results from Simpson. Petitioner also alleges that the State suppressed information about the victim's unstable family situation, such as the fact that the victim's mother was addicted to crack cocaine. However, Simpson seems to have been previously aware of this information in that he was present in the house the night that the victim's mother was smoking crack cocaine. Furthermore, the victim's mother testified as to her addiction at trial. As such, the evidence cannot be said to have been suppressed.

Furthermore, Petitioner does not have any support for his claim that prejudice resulted from the suppression of this evidence. He states that this evidence would have undermined the credibility of the witnesses, but seeing as there were other witnesses in the trial who were not subject to this unstable living situation and who testified as to Simpson's probable guilt, the Court cannot hold that the lack of this evidence altered the result at trial. Petitioner has not met the burden of proving prosecutorial misconduct by a *Brady* due process violation.

*(2) Violating the Ruling on the Motion* in Limine

---

[72] *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

28

As stated by the Magistrate Judge, a claimant can only prove prosecutorial misconduct if he demonstrates that the prosecutor's actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process."[73] A trial is not fundamentally unfair unless "there is a reasonable probability that the verdict might have been different had the trial been properly conducted."[74]

The prosecutor did attempt to present to the jury evidence of Petitioner's prior conviction, in violation of the motion *in limine*, in cross-examining a character witness. However, as discussed above, the attempt was promptly objected to and the jury was never actually presented with such evidence. Thus, though it could be said that a violation of the motion did occur, confirmation of the existence of the prior conviction never occurred, and the jury was never informed of the specific nature of the crime. This Court finds that this single violation could not have had a significant effect on the jury's deliberations, and there is no reasonable probability that the verdict would have been different if the violation had not occurred.

*(3) Misleading the Jury*

Petitioner alleges prosecutorial misconduct on the ground that the prosecutor misled the jury by presenting evidence of Simpson's prior conviction, by introducing inconclusive DNA evidence, by asking leading questions to the victim, and by presenting to the jury a knife that was found on Simpson the night he was arrested, as well as a nurse's statement "from victim that Petitioner

---

[73] *Ables v. Scott*, 73 F.3d 591, 592 (5th Cir. 1996) (citing *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)).

[74] *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (citing *Donnelly*, 416 U.S. at 643).

threaten[ed] to kill all of them."[75]

As discussed above, the jury was not presented with evidence of Simpson's prior conviction. Petitioner objects to the introduction of the DNA evidence on the ground that it was not 100% conclusive, but the nature of the DNA testing is such that it is never 100% conclusive. The DNA expert at trial testified that the results of the test were 99.6% conclusive.[76] The Court cannot find that the prosecutor's introduction of the evidence was fundamentally unfair. Petitioner also objects to the leading questions asked of the victim. The victim was seven years old at the time of trial, and as the Magistrate Judge notes, prosecutors are allowed to use leading questions when dealing with child victims.[77] Thus, the leading questions asked by the prosecutor cannot be considered fundamentally unfair. Petitioner finally objects to the presentation of the knife and the nurse's testimony to the jury but does not explain why the presentation of this evidence is unfair. The claim is conclusory. Petitioner has not proved that prosecutorial misconduct occurred by way of misleading the jury.

**F. The Trial Court Erred**

As the Magistrate Judge noted, Petitioner's claims of trial court error were never presented before the state court during his state habeas proceeding and federal review of them is thus improper. Nevertheless, this Court will review them on their merits because Petitioner has objected to the Magistrate Judge's recommendation on them.

Petitioner claims that the trial court erred by submitting improper instructions to the jury

---

[75] Pet'r's Objection at 32.

[76] Reporter's R., Vol. 5 at 42.

[77] Report and Recommendation at 37.

because the offense of indecency with a child was included.[78] Petitioner alleges that the instructions failed to state the law. Petitioner does not point to any specific part of the instructions which he claims failed to state the law. Nevertheless, the Court has reviewed the jury instructions in the state court record and found that they accurately state the law.

Petitioner claims that even if the jury instructions were constitutional, they were applied unconstitutionally by the jury. However, he presents no evidence that the jury applied the instructions unconstitutionally. Simpson may be objecting to the jury's finding him guilty of both the greater and lesser included offenses, but as discussed above, this does not amount to a violation of the Fifth Amendment. Furthermore, Simpson was not harmed by the jury's finding because he was convicted of and sentenced on only the greater offense. Petitioner's claim of trial court error by submitting improper jury instructions is dismissed.

## G. Sufficiency of the Evidence

Petitioner claims that the evidence at trial was legally insufficient to support his conviction of aggravated sexual assault of a child. In reviewing the legal sufficiency of evidence, the standard is whether, viewing all the evidence "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt."[79] All credibility choices and conflicting inferences are to be resolved in favor of the fact finder.[80] When,

---

[78] Petitioner also includes in this section a complaint that he was not informed by trial counsel of the jury's verdict. However, this does not support his claim that the trial court erred. Furthermore, as the Court has noted, Petitioner was not in any way harmed by the jury's verdict of guilty on two counts because he was sentenced on only one count.

[79] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[80] *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822 (2000).

as here, the state appellate court has also reviewed the sufficiency of the evidence, the appellate court's opinion is entitled to "great weight."[81]

In this case, the Fourth Court of Appeals reviewed the evidence at trial and found that it was sufficient to sustain Simpson's conviction of aggravated sexual assault of a child.[82] Thus, this Court reviews the evidence with a standard very deferential to the outcome at trial.

Petitioner claims that the evidence was insufficient to show the element of penetration because the sexual assault exam performed on the victim the night of Petitioner's arrest revealed no trauma to her genitals.[83] Petitioner claims that this is inconsistent with being penetrated.[84] This Court is unable to find support suggesting that penetration is necessarily accompanied by physical trauma. Simpson also claims that the victim was inconsistent in her testimony with regard to being penetrated. However, the credibility of the victim as a witness is a question within the sole province of the jury. If the jury found that the victim was credible in her testimony against Simpson, the federal court has no power to substitute its own judgment for that finding. Petitioner failed to show that no rational trier of fact would have been able to find the essential elements of the offense beyond a rational doubt.

Petitioner does not object to the Magistrate Judge's finding that factual insufficiency of the evidence is not a cognizable claim in federal court. This Court finds that the Magistrate Judge's conclusion is neither clearly erroneous nor contrary to law.

---

[81] *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993), *cert. denied*, 510 U.S. 1141 (1994).

[82] *Acevedo*, 2006 WL 3611379, at *1–2.

[83] Reporter's R., Vol. 4 at 184.

[84] Pet'r's Objection at 34.

**H. Actual Innocence**

Petitioner objects to the Magistrate Judge's finding that actual innocence is not a proper basis for federal habeas corpus relief. Petitioner cites *Schlup v. Delo* in stating that an actual innocence claim can be sustained when there is new evidence to be evaluated.[85] Simpson claims that new evidence has been set out in his objections to the Magistrate Judge's Report and Recommendation. To the contrary, this Court is unable to find any evidence in the Objection that was not presented to the state court at trial. Petitioner's claim of actual innocence is not a proper basis for federal habeas corpus relief and must be dismissed.

**Conclusion**

For the foregoing reasons, the recommendation of the Magistrate Judge is ACCEPTED. Petitioner Mark Dalton Simpson's Petition for Writ of Habeas Corpus is DENIED and the case is DISMISSED.

It is so ORDERED.

SIGNED this 17th day of June, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[85] *Schlup*, 513 U.S. at 327.

33